UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMY ALLISON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:13 CV 2154 RWS |
| ) | |
| PEOPLESCOUT, INC. and ) | |
| SEATON, LLC., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Amy Allison alleges in her complaint that she was employed as a recruiter for Defendants Peoplescout, Inc. and Seaton, LLC. She claims that Defendants violated the hour and wage provisions the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA). Allison alleges that she, and other similarly situated employees, had to perform "work activities that are integral and indispensable for them to perform their duties as recruiters" which recruiters were unable to perform within a 40-hour-per-week schedule. Allison alleges that Defendants maintained "a policy that they do not allow recruiters to record - and/or discouraged /pressured recruiters not to record - time worked in excess of forty (40) hours per work week." Allison claims that Defendants violated the FLSA by deliberately failing to pay Allison, and similarly situated recruiters, overtime

compensation.

Defendants have filed a motion to dismiss which Plaintiff opposes. In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555. Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir.2010). Moreover, unlike most state courts which use a fact pleading standard, federal courts employ a notice pleading standard which relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

Defendants argue that Allison's claim should be dismissed because: 1) her overtime allegations are vague and speculative; 2) Allison fails to allege a common or uniform company policy regarding overtime pay; and 3) Allison fails to sufficiently allege an employment relationship with Defendant Seaton, LLC.

These grounds for dismissal are without merit. Allison sufficiently alleges that during her employment with Defendants, from December 2011 through October 2013, she "regularly worked for Defendants in excess of forty (40) hours per week." The complaint provides a non-exhaustive list of activities performed by recruiters and asserts that to perform their work recruiters have "consistently worked 'off the clock' and without pay." Allison's failure to provide specific dates when she worked overtime is not fatal to her complaint. In keeping with a notice pleading standard, these details will be uncovered in the discovery process.

Allison also sufficiently alleges that Defendants' managers created an environment where recruiters were required to "specifically under-report their hours worked when they submitted their work hours to Defendants." Allison alleges that Defendants have received complaints by recruiters that they are not being paid for overtime and that Defendants' managers have instructed the recruiters to not record overtime hours on their timesheets. These allegations are sufficient to assert a claim that Defendants had a practice and policy of denying

overtime compensation to their recruiters. Whether this allegation can be actually be proved is not the basis of a motion to dismiss.

Finally, Allison specifically alleges the fact that she worked for both Defendants. At this stage of this litigation, this factual assertion is deemed to be true. Defendants' contention that Allison did not work for Seaton, LLC may be addressed in a subsequent dispositive motion if the undisputed facts show that Allison was not employed by Seaton, LLC.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#26] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2014.